IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DUANE LEE, No. 14786-026,**

Petitioner,

vs.

**GREENVILLE FEDERAL
CORRECTIONAL INSTITUTION,**

Respondent.                                                    No. 13-cv-157-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

      Petitioner, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois ("Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

      Petitioner pled guilty to being a felon in possession of a firearm, and was sentenced on July 31, 2008, to a term of 51 months, to be followed by three years' supervised release. *United States v. Lee*, Case No. 07-cr-20087 (C.D. Ill., D/E of

July 31, 2008). Petitioner was later released, but on April 26, 2012, his supervised release was revoked, and he was ordered to serve another 24 months in prison, with no further supervised release. His petition states that he has a projected release date of January 13, 2014 (Doc. 1, p. 2). He asserts that the prison has not properly considered his eligibility for up to 12 months' placement in a halfway house under 18 U.S.C. § 3621(b) and §3624(c) (Doc. 1, p. 6; Doc. 1-1, pp. 1-2). As relief, he seeks an order requiring respondent to immediately transfer him to a halfway house for the remaining term of his sentence, which is now somewhat less than 10 months. He alleges that he was initially told by Unit Manager Bradley on May 12, 2012, that he would be recommended for four months in the halfway house (Doc. 1-1, p.1). However, at a later date, he was informed by Case Manager Santiago that he would get only 60 days' halfway house placement, because he had tried to make an unauthorized telephone call. *Id.* Petitioner asserts that this decision evinced a failure of prison officials to consider all five factors mandated by statute,[1] before reaching a decision on the appropriate length of his halfway house placement (Doc. 1-1, p. 2). 18 U.S.C. 3621(b). He then discusses his particular circumstances in light of those factors, arguing that a longer halfway house placement is warranted in his case to give him a "reasonable opportunity to adjust to and prepare for reentry into the

---

[1] These factors are: the resources of the facility contemplated; the nature and circumstances of the offense; the history and characteristics of the prisoner; any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. 18 U.S.C. 3621(b).

community" (Doc. 1-1, p. 2).

Petitioner requests the Court to excuse him from the requirement that he exhaust his administrative remedies prior to bringing a habeas action. *See Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989) ("The Bureau [of Prisons] must be given a chance to clean up its act before the courts are asked to intervene."); *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986) (federal prisoners must first exhaust administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court). Petitioner reasons that exhaustion would take approximately seven months, by which time most, if not all, his potential halfway house time would have passed (Doc. 1, p. 2). He does not, however, include any information to indicate whether or when he has sought administrative review of the decision limiting his halfway house placement to 60 days, or if so, whether he received any response.

In addition, petitioner has not named the proper respondent in this habeas action. "Greenville Federal Correctional Institution" is not an entity that is subject to the Court's jurisdiction. In a habeas corpus proceeding, the proper respondent is the prisoner's custodian; in other words, the warden of the prison where the inmate is confined. *See Rumsfeld v. Padilla,* 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim,* 443 F.3d 946, 948-49 (7th Cir. 2006). Therefore, the instant petition shall be dismissed, and petitioner must submit an amended petition which names the proper respondent if he wishes to proceed with this case.

Equally important, if the Court is to consider any waiver of the requirement to exhaust administrative remedies within the Bureau of Prisons ("BOP") before initiating a habeas action, the Court must be informed of what attempts petitioner has made to obtain relief through administrative action and appeals.

Accordingly, petitioner is **ORDERED** to submit an amended petition **on or before March 28, 2013**. The amended petition shall include complete and accurate information regarding the steps petitioner has taken to seek review of the halfway house placement decision within the BOP and the response, if any, he has received from prison officials. The amended document shall be designated "First Amended Petition" and shall supersede and replace the original petition and attachments (Docs. 1, 1-1, and 1-2). *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original petition. Thus, the First Amended Petition must stand on its own, without reference to any other pleading. In addition, petitioner must resubmit any exhibits and attachments that he wishes the Court to consider along with his amended petition. Failure to file an amended petition shall result in the dismissal of this action without prejudice.

In order to assist petitioner in preparing his amended petition, the Clerk is **DIRECTED** to mail Plaintiff a blank form petition for a writ of habeas corpus under 28 U.S.C. § 2241, along with instructions.

### Filing Fee

When this action was filed on February 14, 2013, petitioner neither paid

the $5.00 habeas filing fee, nor did he submit a motion for leave to proceed *in forma pauperis* ("IFP"). On the same date, the Clerk of Court sent a letter to petitioner explaining that his case was opened without the payment of the filing fee and that he was to either pay the fee or file a motion to proceed IFP within 30 days or face dismissal of the case (Doc. 2). A blank motion to proceed IFP form was sent to petitioner along with the letter. Petitioner's 30-day deadline falls on March 18, 2013.

Accordingly, **IT IS FURTHER ORDERED** that petitioner shall either pay the full filing fee of $5.00 for this action or file a motion for leave to proceed IFP, **no later than March 18, 2013.** Payment of the $5.00 filing fee shall be sent to: United States District Court, Clerk's Office, 750 Missouri Avenue, P.O. Box 249, East St. Louis, Illinois, 62201. At the time payment is made, petitioner's name and the case number assigned to this action shall be clearly identified. Should petitioner fail to comply with this Order, this case shall be dismissed without further notice.

The instant petition (Doc. 1) is **DISMISSED.**

**IT IS SO ORDERED.**

Signed this 7th day of March, 2013.

Digitally signed by
David R. Herndon
Date: 2013.03.07
12:34:23 -06'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**