IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DUANE LEE, # 14786-026,

Petitioner,

    vs.

JAMES CROSS, WARDEN,

Respondent.                                   No. 13-cv-157-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court for preliminary review of the amended petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 4), filed on March 14, 2013. The amended petition was filed in response to this Court's order of March 7, 2013 (Doc. 3).

Petitioner pled guilty to being a felon in possession of a firearm, and was sentenced on July 31, 2008, to a term of 51 months, to be followed by three years' supervised release. *United States v. Lee*, Case No. 07-cr-20087 (C.D. Ill., D/E of July 31, 2008). Petitioner was later released, but on April 26, 2012, his supervised release was revoked, and he was ordered to serve another 24 months in prison, with no further supervised release. His amended petition states that his projected release date falls on January 13, 2014 (Doc. 4-1, p. 2). He asserts that prison officials have not properly considered his eligibility for up to 12 months' placement in a halfway house under 18 U.S.C. § 3621(b) and §3624(c)

(Doc. 4, p. 2; Doc. 4-1, pp. 1-2). As relief, he seeks an order requiring respondent to immediately transfer him to a halfway house for the remaining term of his sentence, which is now somewhat less than 10 months.

When petitioner arrived at Greenville on May 12, 2012, he was initially told by Unit Manager Bradley that he would be recommended for four months in the halfway house if he completed three certificates (Doc. 4-1, p.1). However, after petitioner earned the three certificates, he was informed by Case Manager Santiago on January 7, 2013, that he would get only 60 days' halfway house placement, because he had tried to make an unauthorized telephone call. *Id.* Petitioner asserts that this decision evinced a failure of prison officials to consider all five factors mandated by statute,[1] before reaching a decision on the appropriate length of his halfway house placement (Doc. 4-1, p. 2). 18 U.S.C. 3621(b). Instead, Case Manager Santiago considered only one factor. Petitioner discusses his particular circumstances in light of the five required factors, arguing that a longer halfway house placement is warranted in his case to give him a "reasonable opportunity to adjust to and prepare for reentry into the community" (Doc. 4-1, p. 3).

Petitioner requests the Court to excuse him from the requirement that he

---

[1] These factors are: the resources of the facility contemplated; the nature and circumstances of the offense; the history and characteristics of the prisoner; any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. 18 U.S.C. 3621(b).

exhaust his administrative remedies prior to bringing a habeas action, because completing this process "would cause him irreparable harm due to time constraints" (Doc. 4-1, p. 1). *See McCarthy v. Madigan*, 503 U.S. 140 (1992). He states that the administrative remedy process would take seven months to complete (Doc. 4, p. 2). Further, he points out that he now has only ten months remaining on his sentence, and was given his halfway house assessment just 12 months before his release date, instead of 17-19 months before his projected release as directed by prison guidelines (Doc. 4, p. 7; Doc. 4-1, p. 2). His amended petition indicates that he discussed the decision to limit his halfway house placement to 60 days with several Greenville officials, and was told that the "matter is closed," and that he would not have time to exhaust his administrative remedies before his release date (Doc. 4-1, pp. 1-2). Petitioner indicates that he did not file a request for administrative review (Doc. 4, p. 2).

**Filing Fee**

As previously ordered on March 7, 2013 (Doc. 3), petitioner shall either pay the full filing fee of $5.00 for this action or file a motion for leave to proceed IFP, **no later than March 18, 2013.** Should petitioner fail to comply by the end of the close of court today, this case shall be dismissed without further notice.

**Disposition**

Without commenting on the merits of petitioner's claims, the Court concludes that the amended petition survives preliminary review under Rule 4

and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.[2]

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to

---

[2] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 18th day of March, 2013.

Digitally signed by David R. Herndon
Date: 2013.03.18 08:36:35 -05'00'

**Chief Judge
United States District Court**