IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DUANE LEE, )
 )
       Petitioner, )
 )
vs. ) Civil No. 13-cv-157-CJP[1]
 )
JAMES CROSS, )
 )
       Respondent. )

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Petitioner Duane Lee was an inmate in the BOP at the time he filed his petition for habeas relief pursuant to 28 U.S.C. §2241. Invoking the Second Chance Act, 18 U.S.C. 3624(c), he asks the Court to order respondent to consider him for immediate transfer to a halfway house. Doc, 4, p. 6.

Respondent contends that the petition must be dismissed because petitioner failed to exhaust his administrative remedies.

### Petitioner's Current Whereabouts

Mail recently sent to petitioner has been returned as undeliverable. See, Doc. 16.

According to the BOP's website, petitioner was released from BOP custody on November 30, 2013.[2] According to respondent's return, Lee's projected release date via good conduct time release is January 13, 2014. See, Doc. 13, p.

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 18.
[2] http://www.bop.gov/Locate/, accessed on December 19, 2013.

2. Presumably, he was transferred to a residential reentry center.

In its order on preliminary review, the Court warned Lee of the consequences of failure to keep the Court informed of his whereabouts:

> Petitioner is ADVISED of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b).

Doc. 5, pp. 4-5.

Clearly, petitioner has not kept the Court informed of his whereabouts. This Court gave petitioner the "warning shot" required by **Ball v. City of Chicago, 2 F.3d 752, 755 (7th Cir. 1993)** in Doc. 5. Pursuant to **Johnson v. Chicago Board of Education, 718 F. 3d 731 (7th Cir. 2013)**, the Court has considered whether a sanction short of dismissal of this case might be fruitful, and finds that it would not.

## Conclusion

Duane Lee's petition for habeas relief under 28 U.S.C. §2254 **(Doc. 4)** is **DENIED**. This cause of action is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

**DATE: December 19, 2013.**

                      **s/ Clifford J. Proud**
                      **CLIFFORD J. PROUD**
                      **UNITED STATES MAGISTRATE JUDGE**